No. 26,423.

J. M. DUNFIELD et al., *Appellants*, v. S. S. MOUSE et al., *Appellees*.

SYLLABUS BY THE COURT.

MORTGAGES—*Foreclosure—Property Passing by Sale—Matured Crops*. Where a receiver is appointed before judgment in an action to foreclose a mortgage on real property, and where matured crops standing on the land at the time of his appointment are sold by him, the landowner is entitled to the proceeds arising from the sale of the crops, although the land does not sell for enough to satisfy the mortgage debt.

Appeal from Coffey district court; ISAAC T. RICHARDSON, judge. Opinion filed February 6, 1926. Affirmed.

*S. H. Allen, Otis S. Allen* and *George S. Allen,* all of Topeka, for the appellants.

*O. T. Atherton,* of Emporia, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs commenced this action to foreclose a mortgage on real property, and secured the appointment of a receiver, who took a matured crop of corn and one of kafir corn and sold them. On motion of the defendants he was directed to pay the proceeds arising therefrom over to the defendants. The plaintiffs appeal.

The action was commenced August 8, 1924. The receiver was appointed on September 5, 1924. At that time there was standing on the land a crop of corn and one of kafir corn, which were sold by the receiver. The court ordered him to turn over to the defendants the proceeds arising from the sale of the corn and kafir corn. The land did not sell for enough to pay the judgment rendered on foreclosure. The plaintiffs contend that the proceeds arising from the sale of the crops should have been applied on the judgment. The defendants contend that because the crops were matured when the receiver was appointed the proceeds arising from the sale thereof belong to them. The crop was grown after default on the mortgage.

Matured crops, although not severed from the land, are personal property; they do not pass on a sheriff's sale of the land.

"A sale made by the lawful occupant of land which had been sold on execution of a crop of corn which he had grown thereon passes a good title as against the grantee under the sheriff's deed, provided that at the expiration of the

Mortgages, 27 Cyc. pp. 1144 n. 28, 1729 n. 93; 19 R. C. L. 628.

period allowed for redemption it is ripe in the sense that it has ceased to draw sustenance from the soil, notwithstanding it is not then fit to husk and put in a crib, or to market." (*Myers v. Steele,* 98 Kan. 577, 158 Pac. 660.)

The defendants were entitled to the crops that were matured when the receiver was appointed, and the proceeds arising from their sale by the receiver should be turned over to the defendants.

The judgment is affirmed.